IN THE SUPERIOR COURT
OF THE VIRGIN ISLANDS

**FILED**

December 02, 2021 04:23 PM
SX-2015-CV-00173
TAMARA CHARLES
CLERK OF THE COURT



## SUPERIOR COURT OF THE VIRGIN ISLANDS

## DIVISION OF ST. CROIX

| | |
|---|---|
| BOBAX VENTURES, LP,<br><br>              **PLAINTIFF,**<br><br>v.<br><br>INNERCIRCLE LOGISTICS, INC AND<br>JOHN A. CLENDENIN,<br><br>              **DEFENDANTS.** | **Civil No. SX-2015-CV-173**<br><br>**ACTION FOR DEBT AND BREACH OF CONTRACT**<br><br>**CITE AS: 2021 VI SUPER 115U** |

**Appearances:**
**Charlotte S. Sheldon, Esq.**
McChain Hamm & St. John, LLP
Christiansted, U.S. Virgin Islands
*For Plaintiff*

## MEMORANDUM OPINION

**WILLOCKS, Presiding Judge**

¶ 1 **THIS MATTER** came before the Court on Plaintiff Bobax Ventures, LP's (hereinafter "Plaintiff") motion for default judgment, filed on October 22, 2020, and motion to remedy deficiency in its motion for default judgment, filed on September 15, 2021.

## BACKGROUND

¶ 2 On May 7, 2015, Plaintiff filed a complaint against Defendant Innercircle Logistics, Inc. (hereinafter "Innercircle") and Defendant John A. Clendenin (hereinafter "Clendenin" and together with Innercircle, "Defendants"). The complaint did not set forth any counts designating specific causes of action but described the action as an "action for debt and breach of contract." In its complaint, Plaintiff requested "the Court enter judgment in favor of Plaintiff and against each of Defendants jointly and severally ordering Defendants to pay to Plaintiff (i) all amounts owing under the Promissory Note (ii) interest at the rate of TWENTY FIVE PERCENT (25%) per annum

accruing on the $30,000 due under the Promissory Note from January 1, 2013 through the date of entry of judgment herein; (iii) post judgment interest at the statutory rate of four percent (4%) per annum as provided in 5 V I C § 426(a); and (iv) the full amount of all of Plaintiffs costs incurred in connection with this Action and otherwise in connection with the collection of amounts owing to Plaintiff, including attorneys fees and granting to Plaintiff such other and further relief as is just and proper." (Compl.) The following documents were attached to the complaint: (i) Exhibit A-a copy of a promissory note between Plaintiff as the lender and Innercircle as the borrower, dated October 9, 2012, for $25,000.00, signed by Clendenin as the president of Innercircle (hereinafter "Promissory Note") and (ii) Exhibit B-a copy an unconditional guaranty of payment and performance between Clendinen as the guarantor for Innercircle's payment and performance under the Promissory Note, dated October 9, 2012, signed by Clendinen (hereinafter "Guaranty").

¶ 3      According to the notice of filing of return of summons for Innercircle, filed on May 22, 2015, Innercircle "was served by hand-delivery of an original summons and a copy of the complaint on May 20, 2015 to John A. Clendenin." A copy of the affidavit of Process Server, Antonio Messer, was attached to the notice in support thereof—to wit, Antonio Messer declared that "John A. Clendinen for Innercircle Logistics, Inc." was served on "May 20, 2015" at "No. 15 Est. LaGrange, Frederiksted, St. Croix, USVI." (Messer Aff.)

¶ 4      According to the notice of filing of return of summons for Clendinen, filed on May 22, 2015, Clendinen "was served by hand-delivery of an original summons and a copy of the complaint on May 20, 2015." A copy of the affidavit of Process Server, Antonio Messer, was attached to the notice in support thereof—to wit, Antonio Messer declared that "John A. Clendinen was served on "May 20, 2015" at "No. 15 Est. LaGrange, Frederiksted, St. Croix, USVI." (Messer Aff.)

¶ 5    On January 7, 2016, Plaintiff filed a motion to strike Innercircle's answer. On February 9, 2016, Plaintiff filed a motion for summary judgment.

¶ 6    On October 25, 2018, the Court entered an order whereby the Court ordered Innercircle to submit to the Court a date-stamped copy of its answer within ten days and reserved ruling on Plaintiff's motion to strike. In the October 25, 2018 order, the Court explained:

> In this case, there is no Answer from either defendant in the Court's physical case file or the electronic record. The Plaintiff did not submit a copy of the Answer as an exhibit to its Motion to Strike. As such, it is inappropriate for the Court to render a decision on the Motion to Strike at this time because the Court cannot review the Answer at issue.

(Oct. 25, 2018 Order.)

¶ 7    On March 7, 2019, the Court entered an order whereby the Court noted that the Court "does not have an Answer on file for either defendant in this matter and ordered that "any Answer of [Innercircle] is stricken" and entered default against both Defendants.

¶ 8    On October 22, 2020, Plaintiff filed a motion for default judgment.

¶ 9    On July 22, 2021, the Court entered an order whereby the Court ordered that Plaintiff's motion for summary judgment, filed on February 9, 2016 is deemed withdrawn and that, within thirty (30) days from the date of entry of this Order, Plaintiff shall remedy the deficiency by supplementing his motion for default judgment with: (i) evidence showing that Clendinen is not a minor, an incompetent person, or a person subject to the provisions of the Servicemember's Civil Relief Act of 2003, and/or an affidavit stating such and (ii) evidence showing that Clendinen is an authorized agent for service of process for Innercircle, and  reserved ruling on Plaintiff's motion pending receipt of Plaintiff's supplemental filing.[1]

---

[1] In the September 8, 2021 order, the Court explained:

> The Court must note at the outset that the Court finds that Plaintiff implicitly withdrew its prior motion for summary judgment, filed on February 9, 2016, when it filed this instant motion for default

¶ 10    On September 8, 2021, the Court entered an order whereby the Court scheduled a show cause hearing and ordered Plaintiff to show cause why it should not be held in contempt and sanctioned for failure to comply with the Court's July 22, 2021 order, but also ordered that, if within thirty (30) days from the date of entry of this Order Plaintiff files the supplemental filing, then the aforementioned show cause hearing and the order to show cause will be vacated.

¶ 11    On September 15, 2021, Plaintiff filed a motion to remedy deficiency in its motion for default judgment.

## DISCUSSION

### I.    September 8, 2021 Order

¶ 12    Given that Plaintiff filed their motion to remedy deficiency within thirty (30) days from the date of entry of the September 8, 2021 order, the Court will vacate the show cause hearing and the order to show cause.

### II.    Plaintiff's Motion to Remedy Deficiency

¶ 13    In its motion to remedy deficiency, Plaintiff indicated that Clendinen is not a minor, not an incompetent person, and not a person subject to the provisions of the Servicemembers' Civil Relief Act of 2003. (Sept. 15, 2021 Motion, pp. 1-3.) Plaintiff also indicated Clendinen is an authorized

---

judgment. *See Magras v. National Industrial Services, et al.*, 2021 V.U. Super 50U, ¶ 8; *see also, In re Refinery Dust Claims*, 72 V.I. 256, 290 (Super. Ct. Dec. 13, 2019) (citing *Mitchell v. Gen. Eng'g Corp.*, 67 V.I. 271, 278 (Super. Ct. Feb. 23, 2017) ("a motion can also be deemed withdrawn based on certain actions or inactions of the party who filed the motion"). As such, Plaintiff's prior motion for summary judgment will be deemed withdrawn.

Upon review of the file, it has come to the Court's attention that Plaintiff did not provide any evidence showing that Clendinen is not a minor, an incompetent person, or a person subject to the provisions of the Servicemember's Civil Relief Act of 2003, or an affidavit stating such. There are additional rules to serving a minor or an incompetent person, and a person subject to the Servicemember's Civil Relief Act of 2003 is protected from being sued while in active military service. Furthermore, it has also come to the Court's attention that Plaintiff did not provide any evidence showing that Clendinen is an authorized agent for service of process for Innercircle. As such, the Court will give Plaintiff an opportunity to remedy the deficiency and reserve ruling on Plaintiff's instant motion.

(Sept. 8, 2021 Order) (footnotes omitted.)

agent for service of process for Innercircle "because not only does he represent himself as 'President/CEO at Inner Circle Logistics, Inc.' at present on his Facebook, he represents himself on his Linked In as the 'Founder, President & CEO of Inner Circle Logistics, Inc.'" (Id., at p. 5.) A copy of the following documents were attached as exhibits: Exhibit A-a copy of a screenshot of Clendinen's Facebook page showing his birthdate as October 13, 1949; Exhibit B-a copy of the Status Report pursuant to Servicemembers Civil Relief Act for Clendinen showing that Clendinen is not subject to Servicemembers Civil Relief Act of 2003; Exhibit C-a copy of a screenshot of Clendinen's Linked In page showing Clendinen is "Found, President & CEO of Inner Circle Logistics, Inc."; Exhibit D-a copy of a screenshot of Clendinen's Google Business Page showing Clendinen's photo and "15 Estate, La Grange Rd, Frederiksted, 00841" as the address for "ICGroup"; and Exhibit E-a copy of a screenshot of Division of Corporations and Trademarks showing "Johann A. Clendenin" as the resident agent for Inner Circle Logistics, Inc." Based on Plaintiff's representation, the Court finds that Innercircle was properly served in this matter. *see* V.I. R. Civ. P. 4(h)(1)(A) ("Unless law of the Virgin Islands provides otherwise or the defendant waives service, (1) a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, may be served: (A) in the Virgin Islands: (i) in the manner prescribed by Rule 4(e) for serving an individual; or (ii) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent; or...").[2]

---

[2] In its September 21, 2021 motion, Plaintiff cited to the Federal Rules of Civil Procedure. However, the Virgin Islands Rules of Civil Procedure is applicable here. Plaintiff is reminded to cite to applicable authority in its motions. *See* V.I. R. Civ. P. 11(b)(5) ("By presenting to the court a pleading, written motion, or other paper -- whether by signing, filing, submitting, or later advocating it -- an attorney or self-represented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:...(5) that the applicable Virgin Islands law has been cited, including authority for and against the positions being advocated by the party.").

¶ 14    Although Plaintiff labeled this filing as a "motion to remedy deficiency," Plaintiff did not need to move the Court for permission to file because the Court's July 22, 2021 order had ordered Plaintiff to remedy the deficiency in its motion for default judgment. Thus, this filing functions as a filing in compliance with the Court's July 22, 2021 order, and needs no further action from the Court.

### III.    Plaintiff's Motion for Default Judgment

¶ 15    In its motion for default judgment, Plaintiff argued that "a default judgment is warranted here" and requested a "default judgment in the amount of $171,988.22 for repayment of the loan ($30,000.00, principal and interest) plus compounding interest at a rate of 25% per annum from January 1, 2013 to the date that Judgment is entered." (Oct. 22, 2020 Motion, pp. 4-6.) The following documents were attached to Plaintiff's motion: Exhibit 1-a copy of the Promissory Note; Exhibit 2-a copy of the Guaranty; and Exhibit 3-a copy of the affidavit of Charlotte S. Sheldon, Esq. Plaintiff did not file a separate motion for costs, but in her affidavit, Attorney Sheldon requested for costs including attorney's fees.

### A.  Standard of Review

¶ 16    Rule 55 of the Virgin Islands Rules of Civil Procedure (hereinafter "Rule 55") governs entry for default and default judgment. An entry of default does not necessitate a default judgment. *See Chaput v. Scafidi*, 66 V.I. 160, 188 (Super. Ct. June 14, 2017) ("Plaintiffs do not win by default just because the defendants fail to appear."). "[W]hen default is entered against a defendant, the defendant is admitting only to the allegations against him as alleged in the charging document." *Redemption Holdings, Inc. v. Gov't of the V.I.*, 65 V.I. 243, 255 (V.I. 2016) (citing *King v. Appleton* 61 V.I. 339, 346 (V.I. 2014)). In *King*, the Virgin Islands Supreme Court pointed out that "the Superior Court must consider whether the unchallenged facts constitute a legitimate cause of

action, since a party in default does not admit mere conclusion of law" and that if the Superior

Court determines that the unchallenged facts constitute a legitimate cause of action, then it is "to

hold a default judgment hearing to establish the amount of damages." 61 V.I. at 346 (internal

quotes and citations omitted) (footnote omitted). However, a default judgment can be entered

without a hearing "[w]hen the plaintiff's claim against a defendant is for a sum certain or for a sum

which can by computation be made certain." *Appleton v. Harrigan*, 61 V.I. 262, 270 (V.I. 2014)

(citing Super. Ct. R. 48(a)(1));[3] *see* V.I. R. CIV. P. 55(b)(1) ("If the plaintiff's claim is for a sum

certain or a sum that can be made certain by computation, the court or the clerk -- on the plaintiff's

request, with an affidavit showing the amount due -- must enter judgment for that amount and

costs against a defendant who has been defaulted for not appearing and who is neither a minor nor

an incompetent person."). In *Harrigan*, the Virgin Islands Supreme Court explained that "[a] claim

is not a sum certain unless there is no doubt as to the amount to which a plaintiff is entitled as a

result of the defendant's default." 61 V.I. at 270. "In all other cases [not involving a claim for a

sum certain], the party must apply to the court for a default... The court may conduct hearings or

make referrals -- preserving any statutory right to a jury trial -- when, to enter or effectuate

---

[3] The *Harrigan* court noted:

> "We again look to federal case law for persuasive authority because, even though Superior Court Rule 48 exclusively governs default judgment in the Superior Court, Federal Rule of Civil Procedure 55(b) similarly provides that default judgment can be entered without a hearing only where the damages sought are a "sum certain." SUPER. CT. R. 48(a)(1) ("When the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain, ... the clerk upon request of the plaintiff ... shall enter judgment for the net amount due and costs against the defendant."); FED. R. CIV. P. 55(b)(1) ("If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk ... must enter judgment for that amount and costs against a defendant.").")
>
> 61 V.I. at 270 n. 9.

Since *Harrigan*, the Virgin Islands Supreme Court adopted the Virgin Islands Rules of Civil Procedure, which went into effect on March 31, 2017. Subsequently, Superior Court Rule 48 was repealed on April 7, 2017 by Supreme Court Promulgation Order No. 2017-0006. While Superior Court Rule 48 has been repealed and the Federal Rules of Civil Procedure does not apply in this matter, the Court nevertheless finds the *Harrigan* court's analysis as to sum certain claims helpful here since Rule 55(b)(1) closely mirrors its federal counterpart and Superior Court Rule 48.

judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." V.I. R. CIV. P. 55(b)(2).

### B. Discussion

#### 1. Whether Plaintiff is Entitled to a Judgment by Default

¶ 17 As noted above, the complaint did not set forth any counts designating specific causes of action. Based on Plaintiff's description of the action as an "action for debt and breach of contract" and the allegations contained therein, the Court concludes that Plaintiff brought the following causes of action against Defendants: debt and breach of contract. The Court will first determine whether the facts, as alleged in Plaintiff's complaint, constitute legitimate causes of action for debt and breach of contract.

#### a. Debt Claim

¶ 18 As noted in *Carlos Warehouse v. Thomas*, "no Virgin Islands precedent (binding or persuasive) explains what common law rule governs a claim for money owed" and thus, a *Banks* analysis was necessary to determine whether a debt claim should be recognized under the common law of the Virgin Islands and what specific rules should apply. 64 V.I. 173, 183-84 (V.I. Super. Ct. May 12, 2016). The *Carlos Warehouse* court conducted a *Banks* analysis and concluded that "it is unquestionably the soundest rule for the Virgin Islands to recognize a claim for debt," *Id.* at 192 (quotation marks and internal citation omitted), and that "[t]o state a common law claim for debt under Virgin Islands law, the plaintiff must allege that the defendant owes a certain amount and that the defendant is or should be obligated to pay that amount." *Id.* Having reviewed the *Banks* analysis conducted in *Carlos Warehouse*, this Court sees no reason to depart from that ruling and adopts that analysis as though the same were set forth herein.

Plaintiff made the following allegations in its complaint:[4]

7. On or about October 9, 2012, Plaintiff loaned Defendant IC Logistics TWENTY FIVE THOUSAND DOLLARS AND NO CENTS (US $25,000.00) (the "Loan").

8. On or about October 9, 2012, Defendant IC Logistics executed and delivered to Plaintiff that certain Promissory Note dated October 9, 2012 (the Promissory Note ) wherein Defendant IC Logistics promised to pay to Plaintiff the full principal amount of the Loan ($25,000) together with interest in the amount of FIVE THOUSAND DOLLARS AND NO CENTS (US $5,000.00). A copy of the Promissory Note is attached as Exhibit A.

9. All amounts due under the Promissory Note were required to be paid no later than December 31, 2012.

10. Defendant IC Logistics did not pay the amount owing under the Promissory Note on or before December 31, 2012.

11. Defendant IC Logistics failure to pay the amount owing under the Promissory Note on or before December 31, 2012 constitutes a default under the Promissory Note.

12. The Promissory Note provides that [f]rom and after any event of default [under the Promissory Note] and for so long as any such default shall be continuing, all amounts owing under this Note shall collectively bear interest at the rate of TWENTY FIVE PERCENT (25%) per annum. See Exhibit A.

13. Contemporaneous with the execution and delivery of the Promissory Note, Defendant Clendenin executed and delivered to Plaintiff that certain Unconditional Guaranty of Payment and Performance dated October 9, 2012 (the "Personal Guaranty"). A copy of the Personal Guaranty is attached as Exhibit B.

14. Defendant Clendenin is the "Guarantor" under the Personal Guaranty.

15. Pursuant to the Personal Guaranty, Defendant Clendenin unconditionally guaranteed to Plaintiff "the full and prompt payment when due of [the Promissory Note]." See Exhibit B.

16. Pursuant to the Personal Guaranty, Defendant Clendenin agreed that if any amount of principal, interest and/or fees due under the Note is not paid by [Defendant IC Logistics] in accordance with the terms of the Note, Guarantor will immediately make all such Payments. See Exhibit B.

17. Pursuant to the Personal Guaranty Defendant Clendenin further agreed "to pay [Plaintiff] all expenses (including attorneys' fees) paid or incurred by [Plaintiff] in endeavoring to collect the indebtedness evidenced by the note to enforce the obligations of [Defendant IC Logistics] guaranteed hereby or any portion thereof or to enforce this Guaranty. See Exhibit B.

18. The Personal Guaranty provides that it is a "guaranty of payment and performance and not of collection."

19. The Personal Guaranty provides that Defendant Clendenin's liability thereunder "shall be direct and immediate and not conditional or contingent upon the pursuit of remedies against [Defendant IC Logistics] or any other person, nor against securities or liens available to [Plaintiff]."

...

---

[4] Innercircle is referred to as "IC Logistics" in the complaint.

22. Defendant IC Logistics has failed to perform in accordance with the Promissory Note.
23. Defendant IC Logistics has never paid anything to Plaintiff in respect of the amounts owned under and in connection with the Promissory Note.
24. Defendant IC Logistics is justly indebted to Plaintiff in the amount of THIRTY THOUSAND DOLLARS AND NO CENTS (US $30,000.00) with interest at the rate of TWENTY FIVE PERCENT (25%) per annum accruing from January 1, 2013.
25. Pursuant to the Personal Guaranty Defendant Clendenin is personally liable for the indebtedness of Defendant IC Logistics owed to Plaintiff.
26. Defendant Clendenin has failed to perform in accordance with the Personal Guaranty.
27. Defendant Clendenin has never paid anything to Plaintiff in respect of his obligations under the Personal Guaranty.

¶ 19    Based on the unchallenged facts alleged in the complaint, the Court finds that Defendants owe Plaintiff a certain amount of money under the Promissory Note and Guaranty, and Defendants are jointly and severally obligated to pay Plaintiff such money. Thus, the Court concludes that the unchallenged facts constitute a legitimate cause of action for debt under Virgin Islands law.

### b. Breach of Contract

¶ 20    In *Phillip v. Marsh-Monsanto*, the Virgin Islands Supreme Court conducted a *Banks* analysis and determined that to establish a breach of contract claim, the plaintiff "was required to demonstrate: (1) an agreement; (2) a duty created by that agreement; (3) a breach of that duty; and (4) damages." 66 V.I. 612, 621 (V.I. 2017) (citing *Brouillard v. DLJ Mortgage Capital, Inc.*, 63 V.I. 788, 798 (V.I. 2015) (citing *Arlington Funding Servs., Inc. v. Geigel*, 51 V.I. 118, 135 (V.I. 2009)). "A contract may be 'express, implied-in-fact, or implied-in-law.'" *Turnbull v. Turnbull*, 71 V.I. 96, 105 (Super. Ct. July 15, 2019) (citing *Peppertree Terrace v. Williams*, 52 V.I. 225, 241 (V.I. 2009) (Swan, concurring)). "An express contract is memorialized 'in oral or written words,' and an implied-in-fact contract is 'inferred wholly or partially by conduct.'" *Id.* (citing *Peppertree Terrace*, 52 V.I. at 241) (Swan, concurring)); *see also, Whyte v. Bockino*, 69 V.I. 749, 764 (V.I. 2018) (citing *Peppertree Terrace*, 52 V.I. at 241) (Swan, concurring)). An enforceable contract requires "an offer, acceptance, a bargained-for legal benefit or detriment, commonly known as

consideration, and a manifestation of mutual assent." *Williams v. Univ. of the V.I.*, 2019 V.I. LEXIS 2, *4 (Super. Ct. Jan. 18, 2019) (citing *Peppertree Terrace*, 52 V.I. at 241) (Swan, concurring)); *see also, Cornelius v. Bank of Nova Scotia*, 67 V.I. 806, 820 (V.I. 2017) ("[A] contract is only formed or modified to the extent there is mutual assent and mutual consideration."). "A manifestation of mutual assent or a meeting of the minds requires that the two parties that intend to form a contract are in agreement to the same terms and must be proven objectively." *Univ. of the V.I.*, 2019 V.I. LEXIS 2 at *4; *Smith v. McLaughlin*, 2019 V.I. LEXIS 180, *7 (Super. Ct. Oct. 22, 2019).

¶ 21 Based on the unchallenged facts alleged in the complaint, the Court finds that: (i) Innercircle and Plaintiff entered into an agreement whereby Innercircle, the borrower, agreed to pay Plaintiff, the lender, in full on December 31, 2012, the principal amount of $25,000.00, plus interest in the amount of $5,000.00, plus interest at the rate of 25% per annum from and after any event of default, which was memorialized in the Promissory Note, (ii) Clendinen and Plaintiff entered into an agreement whereby Clendinen, the guarantor, agreed to pay Plaintiff, the lender, all payments due under the Promissory Note in the event any amount due under the Promissory Note is not paid by Innercircle, which was memorialized in the Guaranty, (iii) under the Promissory Note, Innercircle had a duty to pay Plaintiff in full on December 31, 2021 and Innercircle breached its duty when it failed to do so, and Plaintiff sustained damages as a result of Innercircle's breach, and (iv) under the Guaranty, Clendinen had a duty to pay Plaintiff in the event Innercircle failed to pay the amount due under the Promissory Note and Clendinen breached his duty when he failed to do so, and Plaintiff sustained damages as a result of Clendinen's breach. Thus, the Court concludes that the unchallenged facts constitute a legitimate cause of action for breach of contract under Virgin Islands law.

## c. Damages

¶ 22     The Court must now determine whether a hearing is necessary to establish the amount of damages. Here, Plaintiff submitted the Promissory Note, the Guaranty, and the affidavit of Attorney Sheldon in support of Plaintiff's motion for default judgment. Attorney Sheldon indicated that "[a] default judgment is owed in the amount of $171,988.22 for repayment of the loan ($25,000 and $5,000 interest) at a compounding interest rate of 25% per annum from the date of default, January 1, 2013, through the date of filing the instant Motion [October 22, 2020]," that "[p]re-judgment interest of $21,084.34 at the statutory rate of 9% is owed from the date of default, January 1, 2013, through the date of instant Motion," that these figures "shall be amended in accordance with the date judgment is entered." (Sheldon Aff. ¶¶ 2-3.) The information contained in the Promissory Note is consistent with the information stated in Attorney Sheldon's affidavit. Based on the foregoing, the Court finds Plaintiff's claim for the total amount Defendants owe Plaintiff under the Promissory Note qualifies as a sum certain because "there is no doubt as to the amount to which [Plaintiff] is entitled as a result of [Defendant's] default." *Harrigan*, 61 V.I. at 270. In other words, the Court finds that there can be no dispute as to the amount due under the Promissory Note. Thus, a hearing is not necessary to establish the amount of damages in this matter.

¶ 23     Accordingly, given that Plaintiff's claims are for a sum certain or a sum that can be made certain by computation, the Court will grant Plaintiff's motion and enter judgment for that amount in favor of Plaintiff against Defendants. *See* V.I. R. CIV. P. 55(b)(1) ("If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the court or the clerk -- on the plaintiff's request, with an affidavit showing the amount due -- **must** enter judgment for that

amount and costs against a defendant who has been defaulted for not appearing and who is neither

a minor nor an incompetent person.") (emphasis added).

### 2. Whether Plaintiff is Entitled to Pre-judgment Interest and Post-judgment Interest

#### a. Pre-judgment Interest

¶ 24    The specific prayers for relief sought by Plaintiff in its complaint did not include pre-judgement interest pursuant to Title 11 V.I.C. § 951(a)(1).[5] Instead, Plaintiff made the request in

its motion for default judgment—to wit, Plaintiff requested "$21,084.34 in pre-judgment interest

at the statutory rate of 9% as provided in [Title] 11 V.I.C. § 951(a)(1)." (Oct. 22, 2020 Motion, p.

6.)

¶ 25    In its motion, Plaintiff did not provide any argument as to the Court's authority to extend

relief beyond the bounds of the specific prayers for relief requested in its complaint against the

defaulting Defendants. The Court finds that it would be fundamentally unfair to grant relief greater

or different from that requested in the complaint against the defaulting Defendants here since they

could have potentially relied on the relief requested in the complaint in deciding to default in this

matter. Additionally, granting relief greater or different from that requested in the complaint

against a defaulting defendant would promote gamesmanship where the plaintiff could simply

limit their specific prayers for reliefs in the complaint and wait for the motion for default judgment

to request relief greater or different from that requested in the complaint. Thus, the Court finds that

an award of pre-judgment interest in this instance is not appropriate here. *See Williams v. Edwards*,

2017 V.I. LEXIS 105, at *6 (Super. Ct. July 12, 2017) (quoting *Isaac v. Crichlow*, 63 V.I. 38, 69

---

[5] Title 11 V.I.C. § 951(a)(1) provides that "[t]he rate of interest shall be nine (9%) per centum per annum on—all monies which have become due."

(Super. Ct. Feb. 10, 2015) ("The grant or denial of prejudgment interest remains within the sound discretion of the trial court."). Accordingly, the Court will deny Plaintiff's request for pre-judgment interest.

### b. Post-judgment Interest

¶ 26    The specific prayers for relief sought by Plaintiff in its complaint included post-judgement interest pursuant to Title 5 V.I.C. § 426(a).[6] Plaintiff also made the request in its motion for default judgment—to wit, Plaintiff requested "post-judgment interest at the statutory rate of 4% as provided in [Title] 5 V.I.C. § 426." (Oct. 22, 2020 Motion, p. 6.)

¶ 27    In *Christian v. Joseph*, the Third Circuit, while sitting as the *de facto* court of last resort for the Virgin Islands, held that Title 5 V.I.C. § 426 "provides for automatic accrual of post-judgment interest."[7] 29 V.I. 404, 408 (3d Cir. 1993). Accordingly, the Court will grant Plaintiff's request for post-judgment interest. *See Smith v. Companion Assurance Co.*, 70 V.I. 233, 241 (V.I. Super. Ct. March 12, 2019) (the court granted Plaintiffs' request for an award for post-judgment interest "because the application of post-judgment interest is automatic."). Post-judgment interest will accrue at the rate of 4% per annum on the outstanding amount, commencing on the date of the entry of the judgment in this matter until the date the judgment is satisfied.

---

[6] Title 5 V.I.C. § 426(a) provides that "[t]he rate of interest on judgments and decrees for the payment of money shall be 4 percent per annum."

[7] The Third Circuit's decision construing a Virgin Islands statute in *Christian* is binding on the Superior Court. *See Najawicz v. People of the V.I.*, 58 V.I. 315, 328 (2013) ("In fact, every other Third Circuit decision which we have characterized as being binding on the Superior Court can be traced to a case where the Third Circuit had exercised its power as the final arbiter of Virgin Islands local law."); *see also Government of the Virgin Islands v. Connor*, 60 V.I. 597, 606 n. 1 (V.I. 2014) (citation omitted) ("Superior Court should treat decisions of the United States Court of Appeals for the Third Circuit... as binding precedent with respect to issues of local law.").

### 3. Whether Plaintiff is Entitled to Costs Including Reasonable Attorney's Fees

¶ 28    Plaintiff also requested costs, including reasonable attorney's fees, in its motion for default judgment and as part of the relief in the complaint. Rule 54 of the Virgin Islands Rules of Civil Procedure (hereinafter "Rule 54") provides that "[w]ithin 30 days after the entry of a final judgment or a judgment allowing costs, the prevailing party shall serve on the adverse party and file with the court a bill of costs, together with a notice of motion when application will be made to the court to tax the same." V.I. R. Civ. P. 54(d)(1)(A). Accordingly, the Court will deny without prejudice Plaintiff's request for costs including reasonable attorney's fees. If Plaintiff wishes to move the Court for costs and fees, then Plaintiff should file a separate motion, with proper briefing and supporting documents, in compliance with Rule 54. Failure to comply with Rule 54 may result in the costs being waived. *See* V.I. R. Civ. P. 54(d)(1)(E) ("Upon failure of the prevailing party to comply with this Rule, all costs may be waived.").

### CONCLUSION

¶ 29    Based on the foregoing, the Court will grant Plaintiff's motion for default judgment, filed on October 22, 2020, grant Plaintiff's request for post-judgment interest, deny Plaintiff's request for pre-judgment interest, and deny without prejudice Plaintiff's request for costs including reasonable attorney's fees, and enter a judgment by default in favor of Plaintiff against Defendants as follows: (i) the outstanding amount under the Promissory Note: $25,000.00, the principal amount, plus $5,000.00, the interest amount, collectively accruing interest at the rate of 25% per annum from January 1, 2013, the date of default, through October 22, 2020, the date of entry of this Order and Judgment, plus (ii) post-judgment interest accruing at the rate of 4% per annum on the outstanding amount, commencing on the date of the entry of this Order and Judgment until the

date the Order and Judgment is satisfied. Additionally, the Court will close this matter since there are no other pending issues herein as to the merits of the case and the Court retains jurisdiction to decide collateral issues such as costs and attorney's fees even after the entry of a final order. *Cf. Yearwood Enters., Inc. v. Antilles Gas Corp.*, 69 V.I. 863, 870 (V.I. 2018) ("The proposition that the Superior Court should only retain jurisdiction over motions for fees and costs if those motions are filed before the entry of a final order — whether in the form of voluntary dismissal or otherwise — finds no support in the decisions of Virgin Islands courts and contradicts the longstanding rules of practice in this jurisdiction.... Therefore, we hold that the Superior Court retained jurisdiction to consider a motion for attorney's fees following the voluntary dismissal of an action regardless of whether that motion was filed before or after the notice of dismissal.").[8] An order and judgment consistent with this Memorandum Opinion will be entered contemporaneously herewith.

**DONE this** _3rd_ **day of** December, **2021.**

**ATTEST:**
Tamara Charles
Clerk of the Court

HAROLD W.L. WILLOCKS
**Presiding Judge of the Superior Court**

By: _____
Court Clerk Supervisor

Dated: _12/3/2021_

---

[8] In *Yearwood*, the Virgin Islands Supreme Court explained:

> ...as Judge Easterbrook has explained: "'Jurisdiction' is an all-purpose word denoting adjudicatory power. A court may have power to do some things but not others, and the use of 'lack of jurisdiction' to describe the things it may not do does not mean that the court is out of business." *Szabo Food Service, Inc. v. Canteen Corp.*, 823 F.2d 1073, 1077 (7th Cir. 1987). Indeed, even the cases cited by Yearwood specifically note that the filing of a notice of voluntary dismissal deprives the court of jurisdiction to rule *on the merits of the claims*, and those decisions say nothing about the court's jurisdiction over collateral matters such as motions for attorney's fees.
> 69 V.I. at 866.

| | |
|---|---|
| **BOBAX VENTURES, LP,**<br><br>PLAINTIFF,<br><br>v.<br><br>**INNERCIRCLE LOGISTICS, INC AND JOHN A. CLENDENIN,**<br><br>DEFENDANTS. | **Civil No. SX-2015-CV-173**<br><br>**ACTION FOR DEBT AND BREACH OF CONTRACT**<br><br>CITE AS: 2021 VI SUPER 115U |

**Appearances:**
**Charlotte S. Sheldon, Esq.**
McChain Hamm & St. John, LLP
Christiansted, U.S. Virgin Islands
*For Plaintiff*

## ORDER AND JUDGMENT

**WILLOCKS, Presiding Judge**

In accordance with the Memorandum Opinion entered contemporaneously herewith, it is hereby:

**ORDERED, ADJUDGED, AND DECREED** that the show cause hearing scheduled for Plaintiff Bobax Ventures, LP's (hereinafter "Plaintiff") and the order for Plaintiff to show cause as set forth in the September 8, 2021 order shall be and is hereby **VACATED NUNC PRO TUNC.** It is further:

**ORDERED, ADJUDGED, AND DECREED** that Plaintiff's motion for default judgment, filed on October 22, 2020, is **GRANTED**. It is further:

**ORDERED, ADJUDGED, AND DECREED** that Plaintiff's request for post-judgment interest pursuant to Title 5 V.I.C. § 426(a) is **GRANTED**. It is further:

**ORDERED, ADJUDGED, AND DECREED** that Plaintiff's request for pre-judgment interest pursuant to Title 11 V.I.C. § 951(a)(1) is **DENIED**. It is further:

**ORDERED, ADJUDGED, AND DECREED** that Plaintiff's request for costs including reasonable attorney's fees is **DENIED WITHOUT PREJUDICE.** If Plaintiff wishes to move the Court for costs and fees, Plaintiff shall file a separate motion, with proper briefing and supporting documents, in compliance with Rule 54 of the Virgin Islands Rules of Civil Procedure. Failure to comply with Rule 54 of the Virgin Islands Rules of Civil Procedure may result in the costs being waived. It is further:

**ORDERED, ADJUDGED, AND DECREED** that a **JUDGMENT BY DEFAULT** shall be **ENTERED** in favor of Plaintiff against Defendant Innercircle Logistics, Inc. and Defendant John A. Clendenin as follows:

(i) the outstanding amount under the Promissory Note: $25,000.00, the principal amount, plus $5,000.00, the interest amount, collectively accruing interest at the rate of 25% per annum from January 1, 2013, the date of default, through the date of entry of this Order and Judgment, **plus**

(ii) post-judgment interest accruing at the rate of 4% per annum on the outstanding amount, commencing on the date of the entry of this Order and Judgment until the date the Order and Judgment is satisfied.

And it is further:

**ORDERED** that this matter is hereby **CLOSED.**

**DONE and so ORDERED this** 2nd **day of** December **2021.**

**ATTEST:**
Tamara Charles
Clerk of the Court

HAROLD W.L. WILLOCKS
**Presiding Judge of the Superior Court**

By:
Court Clerk Supervisor

Dated: 12/3/2021